# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CALIHAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>G. GIURBINO, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00868-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Kenny Calihan, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Discussion**

    **A.     Allegations**

Plaintiff, who is currently incarcerated at Mule Creek State Prison in Ione, California, brings this suit against Director G. Giurbino, Associate Director K. Harrington, Chief Psychologist A. Eargle, Chief T. Rothchild, and Classification Services Unit Counselor P. Kennedy arising out of their decision to relinquish him from Departmental Review Board (DRB) control. Plaintiff seeks the appointment of counsel and an order mandating that his DRB control status be reinstated.

In 1989-1990, Plaintiff testified against a Mexican Mafia gang member charged with triple homicide, which resulted in the placement of an open contract on Plaintiff's life and led to approval to transfer Plaintiff to a Federal Bureau of Prisons facility. In 1991, after Plaintiff was released on parole and then returned to the California Department of Corrections and Rehabilitation, he was placed in a protective housing unit (PHU) by the DRB, which maintained "transfer control" over Plaintiff.

On March 30, 2010, Plaintiff requested a non-adverse transfer from the PHU at California State Prison-Corcoran to the sensitive needs yard (SNY) at Mule Creek State Prison, but he made

it clear that he would agree to the transfer only if the DRB retained transfer control over him. Plaintiff was assured that he would remain a DRB transfer control case. On October 21, 2010, the DRB approved Plaintiff's request to transfer to the SNY at Mule Creek State Prison, but in doing so, it also relinquished transfer control over Plaintiff.

Plaintiff alleges that the decision to relinquish DRB transfer control over him was a big mistake which must be corrected and that he never would have asked for/agreed to the transfer if he had known the DRB was going to relinquish control.

### B.   Due Process Claim

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff alleges that the relinquishment of DRB transfer control violated his rights under the Due Process Clause, which protects prisoners against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).

To state a viable claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff cites to section 3376.1 of Title 15 in support of his due process claim. While Plaintiff cannot rely on the regulation itself to demonstrate the existence of a protected liberty

3

interest, the regulation is described here to provide context for Plaintiff's claim, which is one of classification. Sandin, 515 U.S. at 483-84.

Pursuant to section 3376.1, the DRB provides the Secretary's final review of classification issues which are referred by an institution head, and the DRB's decision serves as the Secretary's level decision, which is not appealable. Cal. Code Regs., tit. 15, § 3376.1 (2012) (quotation marks omitted). Referrals are made to the DRB, in relevant part, when an institution head believes a DRB level decision for placement of an inmate is required because of an unusual threat to the safety of persons or public interest in the case; when an out-of-state or federal prison placement is recommended; or when an inmate's current placement was ordered by the DRB and there is no documentation in the inmate's central file to indicate that the DRB has relinquished responsibility for the inmate's placement. Tit. 15, § 3376.1(d) (quotation marks omitted).

Plaintiff does not have a protected liberty interest in retaining his DRB transfer control classification under the Due Process Clause itself and there is no state-created liberty interest at stake, either. Wilkinson, 545 U.S. at 221-23. Decisions regarding which inmates should or should not be referred to the DRB and when or if the DRB should relinquish transfer control over certain inmates rests with the sound discretion of prison officials. Sandin, 515 U.S. at 482-83. A claim that Plaintiff is entitled to a certain classification and that his removal from that classification imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life is untenable. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718. In the absence of a protected liberty interest, Plaintiff's due process claim fails as a matter of law. Because the deficiency is not capable of being cured through amendment, the Court declines to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**C.     Eighth Amendment**

Plaintiff alleges only a claim for denial of due process and his complaint is devoid of any factual allegations suggesting his rights under the Eighth Amendment were violated.[1] Therefore, the

---

[1] Plaintiff was transferred to the Mule Creek State Prison SNY at his request and the transfer was approved after an evaluation of the risks by the DRB. (Doc. 1., Comp.)

Court does not undertake to infer any additional legal claims. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007). However, because the crux of Plaintiff's concern is that he no longer benefits from the extra protection which resulted from being classified as a DRB transfer control case, the Court notes that while the Due Process Clause offers Plaintiff no remedy, the Eighth Amendment will protect Plaintiff against the knowing disregard of a substantial risk of harm to Plaintiff's safety. Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

Prison officials have a constitutional obligation to protect Plaintiff from harm. Farmer, 511 U.S. at 833; Hearns, 413 F.3d at 1040. Therefore, should Plaintiff's housing situation change in the future such that a substantial risk of harm to his safety is presented, he is not without redress. At this juncture, however, Plaintiff's belief that the DRB should not have relinquished transfer control over him and his desire to be once again classified as a DRB transfer control case do not support a claim under section 1983. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992) (discussing case-or-controversy and standing requirements necessary to invoke federal jurisdiction); Bova v. City of Medford, 564 F.3d 1093, 1096-97 (9th Cir. 2009).

### D.     **Appointment of Counsel**

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. The Court has found that Plaintiff's due process claim fails as a matter of law and that failure is not

attributable to Plaintiff's inability to articulate his claim or to the complexity of the issues. Plaintiff ably articulates his claim, but the facts do not support a viable federal due process claim. Therefore, the appointment of counsel is not warranted.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim under section 1983 for denial of due process. The deficiency at issue is not capable of being cured through amendment and therefore, this action shall be dismissed.  Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1448-49. Accordingly, it is HEREBY ORDERED that:

   1.    Plaintiff's motion for the appointment of counsel is denied;

   2.    This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

   3.    This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:    April 4, 2012**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE